# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **ELSIE L. SPENCER**    ) | |
| ) | |
| **Plaintiff,**    ) | |
| ) | |
| **v.**    ) | **Civil Action No. PJM-06-2492** |
| ) | |
| **CHRISTOPHER HILL,** *et al.*    ) | |
| ) | |
| **Defendants.**    ) | |

## MEMORANDUM OPINION

This case has been referred to the undersigned by the Honorable Peter J. Messitte for

post-judgment discovery. *See* Document No. 43. Pending before the Court and ready for

resolution is Plaintiff-Judgment Creditor Elsie L. Spencer's Combined Motion for Forfeiture of

Collateral Property and for Order of Contempt, and Opposition[1] to Request for Release of Lien

on Collateral Property (Document No. 66). Calvin Hill and Janet Hill filed a Response to

Plaintiff's motion and, simultaneously, moved for an amended release of property bond

(Document No. 71). Thereafter Plaintiff filed a Reply (Document No. 74). No hearing is

deemed necessary and the Court now rules pursuant to Local Rule 105.6 (D. Md. 2008).

## BACKGROUND

On October 11, 2005 Plaintiff filed suit against Defendant Christopher Hill and

Defendant Gabri-L Real Estate, Inc. in the United States District Court for the Eastern District of

Pennsylvania. Neither Defendant answered the Complaint. On April 3, 2006 Plaintiff moved for

---

[1] In the Order of June 10, 2009 (Document No. 65) Judge Messitte denied Calvin C. Hill and Janet B. Hill's Motion for Release of Land Deed of Trust (Document No. 64).

default judgment against each Defendant.  On April 6, 2006 Plaintiff moved for entry of default

against each Defendant.  A Clerk's entry of default was subsequently docketed against both

Defendants.  Thereafter a motions hearing was scheduled on Plaintiff's motion for default

judgment.  After the Court extended on three separate occasions Defendant Christopher Hill's

time to respond to the motion for default, on July 20, 2006, counsel entered appearance on behalf

of Defendant Christopher Hill and, simultaneously, moved to dismiss the case or transfer the

case.  In the Order-Memorandum of August 15, 2006, Judge Padova vacated the entry of default

against the Defendants, denied Defendant Christopher Hill's motion to dismiss but granted

Defendant Christopher Hill's motion to transfer, directing that the case be transferred to the

District of Maryland.  Effective September 22, 2006 the case was transferred to the United States

District Court for the District of Maryland.

In the Order of January 29, 2007 Judge Messitte directed the Defendants to file their

responsive pleadings within two weeks for the following reasons:

> The record shows that on September 22, 2006, this Court docketed
> the above referenced case upon transfer from the United States
> District Court for the Eastern District of Pennsylvania.  Since that
> time Defendants Christopher Hill and Gabri-L Real Estate, Inc. have
> not made an appearance in this Court, nor have they filed responsive
> pleadings to the Complaint.  Moreover, the Court has been advised
> that Defendant Hill is no longer represented by attorney Johanna E.
> Markind, Esquire.

Document No. 25 at 1.  If either Defendant fails to file a timely responsive pleading, Judge

Messitte directed Plaintiff to file a Motion for Default as well as a Motion for Default Judgment.

*Id.* at 2.

On February 7, 2007 Defendant Gabri-L Real Estate, Inc. filed an Answer, *see* Document

No. 26, but the pleading was returned on February 8, 2007 because a corporation cannot

represent itself through its officers, *see* Document No. 27.  No responsive pleading was filed by Defendant Christopher Hill.

On March 23, 2007 Plaintiff moved for default judgment against the Defendants.  *See* Document No. 28.  On March 27, 2007 a Clerk's entry of default as to the Defendants was docketed.  *See* Document No. 29.  On March 29, 2007 Plaintiff moved for entry of default for want of answer or other defense.  *See* Document No. 30.

On April 16, 2007 Judge Messitte issued a Memorandum/Order scheduling an *ex parte* hearing on damages for April 30, 2007.[2]  *See* Document No. 31.  On April 30, 2007 and May 14, 2007 Plaintiff filed supplemental briefs.  *See* Document Nos. 34, 36.  On May 22, 2007 Judge Messitte issued a Final Order of Judgment by Default.  Judge Messitte entered final judgment in favor of Plaintiff and against Defendant Christopher Hill in the amount of one hundred twenty thousand dollars ($120,000.00) plus interest at 6% per annum from May 26, 2005 until the date payment is received by Plaintiff or Plaintiff completes execution of the judgment.  A final judgment was also entered in favor of Plaintiff and against Defendant Gabri-L Real Estate, Inc. in the amount of five thousand dollars ($5,000.00), plus interest of 6% per annum from April 30, 2005 until the date payment is received by Plaintiff.  Additionally, Judge Messitte awarded twelve thousand five hundred dollars ($12,500.00) in attorney's fees to Plaintiff.  With the Final Order of Judgment by Default the litigation was terminated.  *See* Document No. 37.

On November 19, 2007 Plaintiff filed a notice of partial satisfaction of judgment. Defendant Gabri-L Real Estate, Inc. satisfied the judgment entered against it.  The judgment against Defendant Christopher Hill remained outstanding.  *See* Document No. 39.

---

[2] On April 27, 2007 Judge Messitte rescheduled the April 30, 2007 hearing to May 29, 2007.  *See* Document No. 33.

In an effort to determine the existence of assets held by Defendant Christopher Hill, Plaintiff obtained a subpoena from the Court commanding Defendant Christopher Hill to appear for an oral deposition on May 7, 2008.  Plaintiff secured the services of a process server. According to the process server as documented on the *Proof of Service* of the Subpoena, he personally served the subpoena on Defendant Christopher Hill at 10:15 a.m. on March 20, 2008 at 10905 Fort Washington Road, #110, Fort Washington, Maryland.  Defendant Christopher Hill's parents — Calvin C. Hill and Janet B. Hill — were also served subpoenas and directed to appear for an oral deposition on May 7, 2008.  Mr. and Mrs. Calvin Hill did appear and were deposed on May 7, 2008.  Defendant Christopher Hill failed to appear for his deposition.

On July 10, 2008 Plaintiff moved to compel compliance with subpoena and for an order of contempt and sanctions.  Specifically Plaintiff asked the Court to hold Defendant Christopher Hill in civil contempt and further to incarcerate Defendant Christopher Hill until he appears for his deposition or, in the alternative, until Defendant Christopher Hill posts a bond for the entire amount of the judgment entered against him.  *See* Document No. 40.

On September 11, 2008 Judge Messitte referred this case to the undersigned to resolve post-judgment discovery.  *See* Document No. 43.  On October 24, 2008[3] the undersigned issued a Show Cause Order directing Defendant Christopher Hill to show cause why he should not be held in contempt for failing to obey the subpoena served on him on March 20, 2008 at a hearing on February 26, 2009.  If however, prior to the February 26, 2009 hearing Defendant Christopher Hill wishes to comply belatedly with the subpoena served on him on March 20, 2008 by

---

[3] The undersigned issued a Show Cause Order on September 15, 2008, scheduling a hearing for October 27, 2008.  *See* Document No. 44.  On October 23, 2008 Plaintiff filed a line requesting reissuance of show cause order. *See* Document No. 45.  That same day the undersigned rescinded the September 15, 2008 Show Cause Order.  *See* Document No. 46.

appearing for a deposition and producing requested documents, the undersigned ordered

Defendant Christopher Hill to contact Plaintiff's counsel.  Finally the undersigned directed

Plaintiff's counsel to serve the Show Cause Order on Defendant Christopher Hill on or before

February 13, 2009.  *See* Document No. 47.

On November 20, 2008 Plaintiff's counsel filed a Line Transmitting Affidavit of Service

of Show Cause Order.  The process server personally delivered the Show Cause Order to

Defendant Christopher Hill at 7:00 p.m. on November 8, 2008 at 3670 Breckster Place, Waldorf,

Maryland.  *See* Document No. 48 at 2.

On February 26, 2009 at 12:00 p.m. a show cause hearing was held.  Defendant

Christopher Hill failed to appear.  The undersigned granted Plaintiff's request for a bench

warrant.  The undersigned explained that a no bond warrant will be issued.  The undersigned

noted he lacked the authority to hold Defendant Christopher Hill in contempt.  Plaintiff's motion

to compel compliance with subpoena was granted.  *See* Document No. 50.

On March 4, 2009 the undersigned issued a warrant for arrest of Defendant Christopher

Hill.  *See* Document No. 51.  On March 13, 2009 the warrant for arrest was returned executed.

Defendant Christopher Hill had been apprehended in Fort Washington, Maryland.  *See*

Document No. 52.

Later, that same day, a contempt hearing was held before Judge Messitte.  Defendant

Christopher Hill was released on the following conditions:

> shall continue to reside at 501 Mace Drive, Fort Washington,
> Maryland 20744;
>
> Defendant Christopher Hill's mother, Janet Hill, shall execute a
> property bond on 501 Mace Drive, Fort Washington, Maryland in
> the amount of $120,000 by March 16, 2009;

> Defendant Christopher Hill shall produce the documents listed on
> Exhibit A of the subpoena by April 15, 2009 and shall sit for a
> deposition commencing at 11:00 a.m. at 6188 Oxon Hill Road,
> #301, Oxon Hill, Maryland (Office of John Curley, Esquire).

Defendant Christopher Hill signed the Order Setting Conditions of Release acknowledging his awareness of the conditions of release, promising to obey all conditions of release and acknowledging his awareness of the penalties and sanctions. *See* Document No. 54.

On March 16, 2009 Calvin Hill and Janet Hill, as owners of 501 Mace Drive, Fort Washington, Maryland 20744, signed an Agreement to Forfeit Property for Non-Appearance or Non-Compliance with Conditions of Release. The Hills posted a bond in the amount of $120,000 on behalf of their son, Defendant Christopher Hill. *See* Document No. 55. That same day Magistrate Judge Day issued an Order to Record Agreement to Forfeit Property. *See* Document No. 56.

The following day, on March 17, 2009, a man claiming to be Calvin C. Hill, appeared at the Clerk's Office and wrote,

> I, Calvin Conway Hill[,] was not present when [the Agreement to
> Forfeit Property for Non-Appearance or Non-Compliance with
> Conditions of Release] was placed on my property, 501 Mace Drive,
> Fort Washington, Md and I don't want or authorize this lien. Thank
> you.

Document No. 57.

On March 19, 2009 Judge Messitte issued an Order to Show Cause scheduling a hearing for April 2, 2009 to show cause "(1) why the bond allowing Christopher Hill to be released should not be revoked and (2) why all parties should not be held in contempt of Court for potentially perpetrating a fraud on the Court." Document No. 60 at 1. A Show Cause hearing was held on April 2, 2009. In accordance with Judge Messitte's order, the "real" Calvin Hill

6

signed the Agreement to Forfeit Property for Non-Appearance or Non-Compliance with

Conditions of Release.  On April 3, 2009 the "real" Calvin Hill filed the following sworn

statement in response to the Order to Show Cause,

> A.   That I do not want the bond allowing Christopher Hill to be released, revoked.
>
> B.   That thru a misunderstanding with my wife, Janet Hill, I affirm that she had my permission, to sign my name to the agreement to Forfeit Property for Non-Appearance or Non-Compliance with conditions of Release on behalf of Christopher Hill.

Document No.  63.

Defendant Christopher Hill appeared for his deposition on April 15, 2009 in Oxon Hill,

Maryland.  Defendant Christopher Hill produced various documents at the deposition.

On May 27, 2009 Calvin Hill and Janet Hill, *pro se*, moved for the release of the lien

against their property, 501 Mace Drive, Fort Washington, Maryland 20744.  *See* Document No.

64.  On June 10, 2009 Judge Messitte denied the Hills' motion.  *See* Document No. 65.

## ANALYSIS

*Plaintiff's Arguments*

Plaintiff asks the Court, in accordance with 18 U.S.C. § 3142(c)(1)(B)(xi) and Federal

Rule of Criminal Procedure 46, to issue an order forfeiting the Hills' home as collateral to secure

Defendant Christopher Hill's compliance with the March 13, 2009 Order Setting Conditions of

Release.  18 U.S.C. § 3142(c)(1)(B)(xi) states,

> If the judicial officer determines that the [release on personal recognizance or unsecured appearance bond] will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community, such judicial officer shall order the pretrial release of the person subject to the least restrictive further condition, or combination of conditions, that such

> judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community, which may include the condition that the person execute an agreement to forfeit upon failing to appear as required, property of a sufficient unencumbered value, including money, as is reasonably necessary to assure the appearance of the person as required, and shall provide the court with proof of ownership and the value of the property along with information regarding existing encumbrances as the judicial office may require[.]

Subdivision i of Federal Rule of Criminal Procedure 46 states, "The court may dispose of a charged offense by ordering the forfeiture of 18 U.S.C. § 3142(c)(1)(B)(xi) property under 18 U.S.C. § 3146(d), if a fine in the amount of the property's value would be an appropriate sentence for the charged offense."

Although the undersigned issued a warrant for arrest, it is worth remembering that Christopher Hill is a defendant in a *civil* case, not a *criminal* case. Judge Messitte established various conditions of release, including the posting of a property bond, because of Defendant Christopher Hill's history of ignoring court orders and failures to appear. The posting of the property bond was to ensure Defendant Christopher Hill's appearance at his deposition. He, in fact, appeared for his April 15, 2009 deposition.

The posting of the property bond was further required to ensure Defendant Christopher Hill produce to Plaintiff the documents listed on Exhibit A of the subpoena. Plaintiff asserts Defendant Christopher Hill failed to produce,

> any documents related to his assets and liabilities; any documents related to his compensation or income aside from two joint federal income tax returns; any documents related to the sale of the house he owned with his parents and then sold; or any documents relating to the $400,000.00 in financing for the purchase of the 3.16 acre lot which he is presently constructing a house. In fact, other than two years' of federal tax returns from 2004 and 2005 and a few bank statements, Mr. Hill produced no financial documents whatsoever.

8

Mem. Supp. Combined Mot. for Forfeiture at 4-5 (citations omitted).

In contrast Calvin Hill and Janet Hill assert their son "produced the documents in his possession related to his assets and liabilities, compensation and income, the sale of the house he owned with [them] and the purchase of the lot on which he owns as tenants-by-the[-]entirety with his wife." Hills' Resp. at 5. Moreover, after the deposition Defendant Christopher Hill purportedly provided the deed of trust for the 3.6 acre lot[4] to his counsel to give to Plaintiff's counsel.

The undersigned has reviewed Defendant Christopher Hill's deposition transcript. Defendant Christopher Hill arrived at the deposition with a stack of documents, including summaries of financial information. The documents were not individually identified during the deposition. Calvin and Janet Hill claim their son produced documents concerning the sale of the house he owned with them. A review of the deposition transcript suggests otherwise.

> Q:  Have you sold any assets in the past since January of 2002?
>
> A:  We had a house on 9200 Ivanhoe Road. We sold that.
>
> Q:  When did you sell that?
>
> A:  In '05.
>
> Q:  Ivanhoe Road?
>
> A:  Yes.
>
> Q:  In whose name was that?
>
> A:  That was my mom and dad and me.
>
> Q:  The three of you owned it?

---

[4] Defendant Christopher Hill testified the lot consists of 3.6 acres. *See* Christopher Hill Dep. 57:13 - 16.

> A:  Yes.
>
> Q:  What percentage did you own?
>
> A:  Like five percent.
>
> Q:  Do you have a deed to that property with you?
>
> A:  No.  I can provide it.
>
> Q:  I didn't ask that.  Do you have a deed to that property?
>
> A:  Yes, I do.
>
> Q:  Do you have it with you now?
>
> A:  No, I don't.  I can provide it.
>
> Q:  How much was the house sold for?
>
> A:  $340,000.
>
> Q:  And how much did you get of that $340,000?
>
> A:  Maybe $500.

Christopher Hill Dep. 43:14 - 44:16.

A review of the deposition transcript does not indicate Defendant Christopher Hill produced any W-2s or Form 1099s.  If he provided any other documentation regarding his compensation or income, it is not apparent from the deposition transcript.

Regarding the lot at 3670 Breckster Place in Waldorf, Maryland, according to Defendant Christopher Hill, he and his wife own the lot jointly though the purchase of the lot was financed solely by his wife.  Calvin and Janet Hill have attached a copy of the deed of trust for the lot to their Response.  *See* Hills' Resp., Ex. 3 (Christopher Hill's Aff.), Attach. 4.  The deed of trust identifies the borrowers as Carmen O. Hill **and** Christopher C. Hill.  It is thus not apparent from

10

the deed of trust that Carmen O. Hill *solely* financed the purchase of the lot.  Defendant

Christopher Hill must produce documentation showing proof of financing of the lot at 3670

Breckster Place in Waldorf, Maryland.

During the deposition Plaintiff's counsel inquired about any business entity in which

Defendant Christopher Hill has or had an interest.

> Q:   Now, is there any – – since 2002, has there been any business
> entity in which you have an ownership interest?
>
> A:   No.
>
> Q:   None?
>
> A:   None.
>
> Q:    And is there any business entity in which you served as an
> officer or director?
>
> A:   No.
>
> Q:    Is there any business entity for which you worked that any
> member of your family was an owner?
>
> A:   No.

Christopher Hill Dep. 7:19 - 8:8.

As proof that their son did not occupy Suite 110 of 10905 Fort Washington Road, Fort

Washington, Maryland when the process server claimed to serve the subpoena on their son at

that location on March 20, 2008, Calvin and Janet Hill attached as an exhibit a commercial lease

agreement.  The agreement was made on April 1, 2002, for a five year period, between Richard

A. Palumbo, P.A., agent for PVP Joint Venture and Calvin C. Hill and Christopher C. Hill,

trading as CARS QUALIDAD, tenants.  This commercial lease agreement contradicts Defendant

Christopher Hill's testimony cited *supra*.[5]

Finally, Plaintiff alleges Defendant Christopher Hill violated the conditions of release by not continuing to reside at his parents' home (501 Mace Court, Fort Washington, Maryland). During his April 15, 2009 deposition Defendant Christopher Hill testified that he and his family live with his parents but not everyday.  When he and his family are not living at his parents' home, he and his family are residing with his mother-in-law in White Oak, Maryland.  *See* Christopher Hill Dep. 30:19 - 31:8.  Defendant Christopher Hill further testified that he and his family have been living "off and on" with his parents for about three years or since 2005. Defendant Christopher Hill and his family have split time between his parents' house and his mother-in-law's house.  *See id.* 48:6 - 49:3.  When asked if he is presently splitting his living arrangements between his parents' home and his mother-in-law's home, Defendant Christopher Hill responded affirmatively.  *See id.* 50:8 - 10.  In response to questions by his counsel Defendant Christopher Hill clarified that he primarily lives at his parents' house, that he receives his mail at his parents' house and that most of his belongings are at his parents' home.  *See id.* 77:11 - 18.

In their Response Calvin and Janet Hill assert, although their son *occasionally* spends nights at his mother-in-law's house, their son continues to reside at their home as his primary

---

[5]  During his deposition Calvin Hill testified that his son had his own construction business called Unlimited Builders, LLC, located at 10905 Fort Washington Road in Fort Washington, Maryland.  Calvin Hill Dep. 8:14 - 9:8.  In conducting a search through *Google*, the undersigned confirmed this information.  Unlimited Builders, Llc, located at 10905 Fort Washington Road, #110, Fort Washington, Maryland 20744, was founded in 2003, had estimated annual sales of $570,000 and five estimated employees.  Its line of business was single-family house construction.  The contact name is Chris Hill and the contact title is owner.
http://www.allbusiness.com/companyprofile/Unlimited_Builders_Llc/E0B83FA91A060AF2927BD29B7E1F0D76-1.html.

residence and thus Defendant Christopher Hill has not violated a condition of release.  Hills' Resp. at 10.  The undersigned notes Defendant Christopher Hill testified that he splits his time between the two homes and suggested his visits to his mother-in-law's home is with regularity, not just occasionally.  The undersigned further notes, contrary to Defendant Christopher Hill's testimony that he has resided at his parents' home and his mother-in-law's home *during the past three years*, both Calvin Hill and Janet Hill, during their May 7, 2008 depositions, denied knowing where their son resides.  *See* Janet Hill Dep. 7:19 - 9:6; Calvin Hill Dep. 7:11 - 8:1.

With such contradictory testimonies, it is hard to discern the truth.  Defendant Christopher Hill and his parents are reminded of the condition that Defendant Christopher Hill **shall continue to reside** at 501 Mace Court, Fort Washington, Maryland.

<u>Arguments of Calvin Hill and Janet Hill</u>

Defendant Christopher Hill denied being served with the subpoena.

> Q: Mr. Hill, you were served with a subpoena originally [March 20,] 2008 – – almost a year ago, correct?
>
> A:  No.
>
> Q:  You weren't served with this on [March 20,] 2008?  So you're saying that this – – the process server didn't serve you?
>
> A:  No, sir.
>
> Q:  Were you aware of this subpoena in – –
>
> A:  No, sir.
>
> Q:  When you arrive in Court, weren't you aware of it because – –
>
> A:  No, sir.
>
> Q:  – – it was mailed to you?

A:  No, sir.

Q:  When is the first time you learned of this subpoena?

A:  When they came to the house to get me on March 13th.

Q:  Of this year?

A:  Yes.

Q:  And you didn't know about the subpoena before that?

A:  No, sir, because I would have came – – I would have came to the
– – I would have came to Court.  I came all the way to Philadelphia.
I would have came to wherever they wanted me to come to.

Christopher Hill Dep. 25:17 - 26:20.

In their Response Calvin and Janet Hill contend the proof of service for the subpoena

purportedly served on their son was false because their son had vacated the location a year

earlier.  "This false proof of service . . . then set off a not unexpected chain of events for which

[every] succeeding event was exacerbated by the prior event."  Hills' Resp. 3.  The affidavit of

Richard A. Palumbo and the commercial lease agreement indicate Defendant Christopher Hill

and his father Calvin Hill vacated the commercial space as of March 31, 2007.

Calvin and Janet Hill allege the denial of due process continued after the purported

service of the subpoena on March 20, 2008.

> [T]he certificate of service on Plaintiff's Motion to Compel
> Compliance with Subpoena and For Order of Contempt and
> Sanctions ("Motion to Compel") filed on July 10, 2008 notes that the
> Motion was also mailed to Christopher Hill at the 10905 Fort
> Washington Road, Fort Washington, Maryland address – an address
> from which Mr. Hill had vacated almost 16 months earlier.  Thus,
> again, Christopher Hill failed to receive notice of said Motion to
> Compel and had no way of knowing about the October 24, 2008
> show cause order or February 26, 2009 show cause hearing.

14

Hills' Resp. at 4 (citations omitted).

In examining Plaintiff's Motion to Compel filed on July 10, 2008, the Certificate of Service reflects the motion was mailed to Christopher Hill at 10905 Fort Washington Road, #110, Fort Washington, Maryland 20744. *See* Document No. 40 at 9. However with regard to the Court's Show Cause Order of October 24, 2008, identifying a hearing scheduled for February 26, 2009, the Court directed Plaintiff's counsel to arrange for service of the Show Cause Order on Defendant Christopher Hill on or before February 13, 2009. *See* Document No. 47 at 2. On November 20, 2008 Plaintiff's counsel filed a Line Transmitting Affidavit of Service of Show Cause Order. *See* Document No. 48. The Return of Private Process Server states Defendant Christopher Hill was personally served the Show Cause Order on November 8, 2008 at 7:00 p.m. at *3670 Breckster Place, Waldorf, Maryland*. *See id.* at 2.

Defendant Christopher Hill's driver's license, produced during the April 15, 2009 deposition, lists his address as *3670 Breckster Place, Waldorf, Maryland*. During the April 15, 2009 deposition Defendant Christopher Hill testified that the lot he and his wife own is located at *3670 Breckster Place, Waldorf, Maryland*, *see* Christopher Hill Dep. 57:10 - 12, although, when Plaintiff's counsel initially inquired about this address listed on the driver's license, Defendant Christopher Hill testified that it was a mailing address, a mailbox, *see id.* 13:13 -14:3. Moreover, the Deed of Trust for this 3.6 acre lot, which Defendant Christopher Hill purportedly provided to his counsel following the deposition, lists the property address as *3670 Breckster Place, Waldorf, Maryland*. *See* Hills' Resp., Ex. 3 (Christopher Hill's Aff.), Attach. 4. And, during the April 15, 2009 deposition Defendant Christopher Hill testified that he, without the assistance of anyone else, is presently building a house on the 3.6 acre lot located at *3670*

15

*Breckster Place, Waldorf, Maryland.  See* Christopher Hill Dep. 59:10 - 60:10.  "[H]ad

[Christopher Hill] known of the subpoena for the deposition *or the show cause hearing*, Mr. Hill

would have appeared at both."  Hills' Resp. at 11 (emphasis added).  Although questions have

been raised about the service of the subpoena on March 20, 2008, in reviewing all evidence

before the Court, no doubts have been raised about the service of the Show Cause Order on

November 8, 2008.  Defendant Christopher Hill *knew* there was a show cause hearing on

February 26, 2009 but he did not appear.

      Calvin and Janet Hill argue, because of the false proof of service, their son "never

received notice of the proceeding for which he was arrested and the collateral bond imposed."

Hills' Resp. at 12.  Because of this lack of due process Calvin and Janet Hill renew by

amendment their motion for release of collateral bond.  They contend their son was wrongfully

sanctioned by the Court since his failure to appear for the deposition and the show cause hearing

was unintentional.  The Hills have introduced a copy of the commercial lease agreement and Mr.

Palumbo's affidavit and thus challenge the veracity of the proof of service.  This Court has not

determined that the March 20, 2008 proof of service of subpoena is, in fact, false.  Additional

information would be needed to make such a determination such as the identity of the tenant who

presently occupies #110 at 10905 Fort Washington Road.  The Court would also seek

information regarding what relationship, if any, Defendant Christopher Hill has or had with this

subsequent tenant.  For example, although Defendant Christopher Hill and his father vacated the

commercial space effective March 31, 2007, did Defendant Christopher Hill continue using a

portion of the space with the subsequent tenant?  Based on the record presently before the Court,

the March 20, 2008 process of service is deemed valid.

*Resolution*

Plaintiff contends "the lien on the collateral property should remain in place until such time as Plaintiff's judgment against Mr. Hill is satisfied in full or the property is forfeited." Combined Mot. Forfeiture at 2-3.  Judge Messitte required a $120,000 property bond as part of Defendant Christopher Hill's conditions of release, not to satisfy the outstanding judgment, but to ensure Defendant Christopher Hill's attendance at the deposition and further to ensure Defendant Christopher Hill produce documents responsive to Exhibit A of the subpoena.  The undersigned finds Defendant Christopher Hill attended the deposition but did not make a sufficient, good faith effort to produce responsive documents.  Therefore the lien on Calvin and Janet Hill's home shall remain in effect until Defendant Christopher Hill produces responsive documents.

In this regard the Court directs Defendant Christopher Hill to produce to Plaintiff's counsel any and all documents responsive to Exhibit A of the March 20, 2008 subpoena and, in particular, the following documents:

* 2002 and 2003 federal tax returns

* 2002 - 2005 Maryland state tax returns

* financing of 3.6 acre lot on which Defendant Christopher Hill is presently constructing a home (to verify the purchase was financed entirely by Mrs. Carmen Hill)

* all records of any asset sold including the sale of the house (9200 Ivanhoe Road) he owned with his parents and subsequently sold

* all records of salary, bonuses or other compensation received.

17

If no responsive documents exist for a specific request, Defendant Christopher Hill must affirmatively state so in an affidavit.  Additionally, Defendant Christopher Hill must describe, in an affidavit, the efforts he made to locate and produce responsive documents.

Within fifteen (15) days of receiving Defendant Christopher Hill's responsive documents, Plaintiff may seek additional relief from the Court if Plaintiff's counsel finds Defendant Christopher Hill's production non-responsive.  Within 15 days of Defendant Christopher Hill producing responsive documents, Calvin and Janet Hill may renew their motion for release of property bond.

The undersigned will thus deny Plaintiff's combined motion for forfeiture of collateral property and for order of contempt and deny the Hills' amended motion for release of property bond.

An Order will be entered separately.


August 20, 2009                                                        /s/
_____          _____
        Date                                              WILLIAM CONNELLY
                                                  UNITED STATES MAGISTRATE JUDGE